IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN, INC. and VISTAKON PHARMACEUTICALS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC. and AUROMEDICS PHARMA LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Allergan, Inc., and Vistakon Pharmaceuticals, LLC, (collectively, "Plaintiffs"), for their Complaint against Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and AuroMedics Pharma LLC (collectively "Aurobindo"), hereby allege as follows:

## THE PARTIES

1.      Plaintiff Allergan, Inc. ("Allergan") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054. Allergan is a global, research-driven pharmaceutical company that discovers, develops, manufactures and markets a broad range of innovative products to improve human health.

2.      Plaintiff Vistakon Pharmaceuticals, LLC ("Vistakon") is a Florida limited liability company, having a place of business at 7500 Centurion Parkway, Jacksonville, Florida, 32256.

3.      On information and belief, Defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad—500 038, Andhra Pradesh, India.

4.      On information and belief, Aurobindo Pharma Ltd., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

5.      On information and belief, Defendant Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 279, Princeton-Hightstown Rd., East Windsor, NJ 08520-1401 USA.

6.      On information and belief, Aurobindo Pharma USA, Inc., by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

7.      On information and belief, Defendant AuroMedics Pharma LLC is a corporation organized and existing under the laws of Delaware, having a principal place of business at 279, Princeton-Hightstown Rd., East Windsor, NJ 08520-1401 USA.

8.      On information and belief, AuroMedics Pharma LLC, by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

9.      On information and belief, Aurobindo Pharma USA, Inc. and AuroMedics Pharma LLC are wholly owned subsidiaries of Aurobindo Pharma Limited, and are controlled and dominated by Aurobindo Pharma Limited.

10.     On information and belief, Defendants Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., and AuroMedics Pharma LLC have cooperated and assisted in the

preparation and filing of Aurobindo's Abbreviated New Drug Application ("ANDA") No. 21-0659 and will be involved in the manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 21-0659 if it is approved.

11.     On information and belief, Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., and AuroMedics Pharma LLC are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Aurobindo's ANDA.

## NATURE OF THE ACTION

12.     This is a civil action for the infringement of U.S. Patent No. 8,664,215 (the "'215 patent") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Aurobindo's filing of ANDA No. 21-0659 with the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of the pharmaceutical product Lastacaft® before the expiration of Plaintiffs' patent covering Lastacaft® and its use.  A copy of the '215 patent is attached as Exhibit A.

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Aurobindo by virtue of the fact that, *inter alia*, Aurobindo has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware, and throughout the United States.

15.     Aurobindo Pharma USA, Inc. is subject to personal jurisdiction in this District because it is a corporation organized and existing under the laws of the State of Delaware.

16.     Upon information and belief, Aurobindo Pharma USA, Inc. has appointed Corporation Services Company, 251 Little Falls Drive, Wilmington, Delaware, 19808, as its registered agent for the receipt of service of process.

17.     AuroMedics Pharma LLC is subject to personal jurisdiction in this District because it is a corporation organized and existing under the laws of the State of Delaware.

18.     Upon information and belief, AuroMedics Pharma LLC, Inc. has appointed Corporation Services Company, 251 Little Falls Drive, Wilmington, Delaware, 19808, as its registered agent for the receipt of service of process.

19.     This Court also has personal jurisdiction over Aurobindo by virtue of the fact that Aurobindo is at home in Delaware as reflected by the fact that, on information and belief, it regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, including by selling its pharmaceutical products in Delaware and, therefore, can reasonably expect to be subject to jurisdiction in the Delaware courts.  Among other things, on information and belief, Aurobindo conducts marketing and sales activities in the State of Delaware, including, but not limited to, distribution, marketing, and sales of pharmaceutical products to Delaware residents that are continuous and systematic.  On information and belief, if Aurobindo's ANDA No. 21-0659 is approved, it will market and sell its generic version of Lastacaft® in Delaware.

20.     This Court has personal jurisdiction over Aurobindo Pharma USA, Inc. because Aurobindo Pharma USA, Inc., as a company organized and existing under the laws of the State of Delaware, has purposely availed itself of the rights and benefits of the laws of the State of Delaware. Moreover, Aurobindo Pharma USA, Inc. has previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g., Shionogi Inc. et al. v. Aurobindo Pharma Ltd. et al., Civil Action No. 17-00072 (D. Del.); Allergan Sales LLC v. Aurobindo Pharma Limited et al., Civil Action No. 15-1032 (D. Del.); Reckitt Benckiser LLC v. Aurobindo Pharma Limited et al., Civil Action No. 14-1203 (D. Del.).*

21.     This Court has personal jurisdiction over AuroMedics Pharma LLC because AuroMedics Pharma LLC, as a company organized and existing under the laws of the State of Delaware, has purposely availed itself of the rights and benefits of the laws of the State of Delaware. Moreover, AuroMedics Pharma LLC has previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g., Helsinn Healthcare S.A. et al. v. Aurobindo Pharma Ltd. et al., Civil Action No. 13-00688 (D. Del.).*

22.     This Court has personal jurisdiction over Aurobindo Pharma Ltd. by virtue of the fact that Aurobindo Pharma Ltd. previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g., Shionogi Inc. et al. v. Aurobindo Pharma Ltd. et al., Civil Action No. 17-00072 (D. Del.); Allergan Sales LLC v.*

*Aurobindo Pharma Limited et al., Civil Action No. 15-1032 (D. Del.); Reckitt Benckiser LLC v. Aurobindo Pharma Limited et al., Civil Action No. 14-1203 (D. Del.).*

23.     Alternatively, assuming that the above facts do not establish personal jurisdiction over Aurobindo Pharma Ltd., this Court may exercise jurisdiction over Aurobindo Pharma Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Aurobindo Pharma Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Aurobindo Pharma Ltd. has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Pharma Ltd. satisfies due process.

24.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).  Specifically, venue is proper in Delaware because Aurobindo Pharma USA, Inc. and AuroMedics Pharma LLC are corporations organized and existing under the laws of the State of Delaware and because Aurobindo Pharma Ltd. is not incorporated anywhere in the United States and does not have a regular and established place of business in the United States and thus may be sued in any judicial district.

### ALLERGAN'S NDA AND ASSERTED PATENT

25.     Vistakon filed New Drug Application ("NDA") No. 022134, pursuant to which the FDA granted approval for alcaftadine ophthalmic solution 0.25% for the prevention of itching associated with allergic conjunctivitis.  Vistakon has assigned all rights, title, and interest to NDA No. 022134 to Allergan.  Alcaftadine ophthalmic solution 0.25% is sold by Allergan under the trade name Lastacaft®.

26.     Vistakon is the assignee of the '215 patent.  The '215 patent discloses and claims methods of treating and preventing clinical symptoms of ocular allergy (including ocular itching) comprising the administration once daily of an ophthalmic solution comprising alcaftadine, its pharmaceutically acceptable salts, or mixtures thereof.  Vistakon licensed the '215 patent to Allergan.

27.     Pursuant to 21 U.S.C. §355(b)(1), Allergan has submitted information concerning the '215 patent to the FDA in connection with NDA No. 022134, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." The '215 patent has been listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book") as covering Lastacaft®.

## AUROBINDO'S ANDA AND NOTICE LETTER

28.     By letter ("Aurobindo Notice Letter") dated July 27, 2017, and received by Plaintiffs on July 28, 2017, Aurobindo gave notice that it had submitted ANDA No. 21-0659 to the FDA under 21 U.S.C. §355(j) seeking approval to manufacture, use or sell alcaftadine ophthalmic solution 0.25% (the "Aurobindo Generic Product"), prior to the expiration of the '215 patent.

29.     The Aurobindo Notice Letter informed Plaintiffs that Aurobindo's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '215 patent are invalid.

30.     The Aurobindo Notice Letter does not deny that the Aurobindo Generic Product will infringe the '215 patent.

31.     On information and belief, Aurobindo intends to manufacture, import, use, sell, or offer to sell the Aurobindo Generic Product for uses that would infringe the claims of the '215 patent.

32.     This action is being filed within 45 days of Plaintiffs' receipt of Aurobindo's Notice Letter.

## COUNT I – INFRINGEMENT OF '215 PATENT

33.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-32.

34.     Aurobindo submitted ANDA No. 21-0659 to the FDA under 21 U.S.C. §355(j) to obtain approval to engage in the commercial manufacture, use, or sale of the Aurobindo Generic Product prior to the expiration of the '215 patent.   By submitting this application, Aurobindo has committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

35.     On information and belief, the commercial manufacture, use, or sale of the Aurobindo Generic Product prior to the expiration of the '215 patent will directly infringe the '215 patent under 35 U.S.C. §271(a), will actively induce infringement of the '215 patent under 35 U.S.C. §271(b), and will constitute contributory infringement of the '215 patent under 35 U.S.C. §271(c).   Aurobindo will infringe or aid another in the infringement of at least one or more of the following claims of the '215 patent: claims 1-11.

36.     On information and belief, the Aurobindo Generic Product will have instructions for use that substantially copy the instructions for Lastacaft®.   Upon information and belief, the proposed labeling for the Aurobindo Generic Product directs the use of the Aurobindo Generic Product for the following indication: prevention of itching associated with allergic conjunctivitis.

37.     Upon information and belief, Aurobindo has acted with full knowledge of the '215 patent and its claims and without a reasonable basis for believing that it would not be liable for infringement, induced infringement, and contributory infringement of the '215 patent. Notwithstanding this knowledge, Aurobindo has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of the Aurobindo Generic Product with its proposed labeling immediately and imminently upon approval of the Aurobindo ANDA.   Upon information and belief, through such activities, Aurobindo specifically intends infringement of the '215 patent.

38.     Upon information and belief, if the FDA approves the Aurobindo ANDA, Aurobindo intends to, and will, infringe, actively induce infringement of, and contribute to the infringement of the '215 patent, and plans and intends to, and will, do so immediately and imminently upon approval.

39.     Upon information and belief, Aurobindo knows that the Aurobindo Generic Product is especially made or adapted for use in infringing the '215 patent, and that the Aurobindo Generic Product is not suitable for substantial noninfringing use.   Upon information and belief, Aurobindo plans and intends to, and will, contribute to infringement of the '215 patent immediately and imminently upon approval of the Aurobindo ANDA.

40.     Plaintiffs will be substantially and irreparably harmed if Aurobindo's infringement of the '215 patent is not enjoined.   Plaintiffs do not have an adequate remedy at law.

41.     Plaintiffs are entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of the approval of Aurobindo's ANDA be

a date that is not earlier the expiration date of the '215 patent, or the date of any later expiration of exclusivity to which Plaintiffs are or become entitled.

42.     On information and belief, Aurobindo lacked a good faith basis for alleging invalidity of the '215 patent when it filed ANDA No. 21-0659 and made the Paragraph IV certification.  Accordingly, Aurobindo's Paragraph IV certification was wholly unjustified.

43.     This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorney fees under 35 U.S.C. §§271(e)(4) and 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that:

a.     Judgment be entered that Aurobindo has infringed the '215 patent under 35 U.S.C. §271(e)(2)(A) by submitting ANDA No. 21-0659;

b.     Judgment be entered that the commercial manufacture, use, offer for sale, and/or sale of Aurobindo's Generic Product in the United States, and/or the importation of the Aurobindo Generic Product into the United States, will infringe the '215 patent under 35 U.S.C. §§271(a), (b), and/or (c).

c.     A permanent injunction be issued, pursuant to 35 U.S.C. §271(e)(4)(B), restraining and enjoining Aurobindo, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Aurobindo Generic Product prior to the expiration date of the '215 patent, or the date of any later expiration of exclusivity to which Plaintiffs are or become entitled.

d.     If Aurobindo commercially makes, uses, sells, or offers to sell the Aurobindo Generic Product within the United States, or imports the Aurobindo Generic

Product into the United States, prior to the expiration of the '215 patent, including any extensions, that Plaintiffs be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages.

e.    An order be issued pursuant to 35 U.S.C. §271(e)(4)(A) that the effective date of any approval of ANDA No. 21-0659 be a date which is not earlier than the later of the expiration date of the '215 patent, or the date of any later expiration of exclusivity to which Plaintiffs are or become entitled; and

f.    Judgment be entered that this is an exceptional case, and that Plaintiffs are entitled to its reasonable attorney fees pursuant to 35 U.S.C. §§271(e)(4) and 285;

g.    The Court grant such other and further relief as it may deem just and proper under the circumstances.

OF COUNSEL:

Scott K. Reed
Ha Kung Wong
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104
(212) 218-2100

Dennis Aeling
FITZPATRICK, CELLA, HARPER & SCINTO
650 Town Center Drive
Suite 1600
Costa Mesa, CA 92626-7130
(714) 540-8700

*Attorneys for Allergan, Inc.*

September 8, 2017

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs*